HON. PIERPOINT ISHAM, } ASSISTANT JUDGES.
HON. MILO L. BENNETT, }

---

## CEPHAS R. LANE v. JOHN JAMES.

*Ejectment. Constable's sale of land for taxes.*

To perfect the title to land sold for taxes, the constable must show that a legal tax, to the full amount for which he sold, did exist, which by law he could enforce in the manner attempted ; and the testimony of the constable alone is not competent to show this.

A constable has no power to sell land, or make costs on a highway tax, until the rate bill has been in the hands of the highway surveyor the six months expressly required before the surveyor can deliver over the rate bill to the constable for collection ; nor can he sell the land of non-resident proprietors, until the time given them in which to pay the tax, has fully expired.

Lane *v.* James.

A constable, in order to perfect the title to land under a sale for taxes, must strict-
ly comply with the requirements of section 32, chap. 81, Comp. Stat., which pro-
vides, that the constable shall make out a true list of the lands sold, &c., "and
"leave the same for record in the office of the town clerk, &c., within thirty
"days from the day of sale, and said town clerk shall record the same within ten
"days thereafter."

EJECTMENT for about twenty acres of land, of lot No. 125, in
the second division of the right of Sylvanus Fisk, in Newport.
Plea, the general issue, and trial by jury.

On trial, the plaintiff offered in evidence: 1. A certified copy
of the charter of the town of Newport. 2. A copy of a deed from
Nathaniel P. Sawyer to Jarius Strong, dated October 13th, 1842,
of part of said lot No. 125. 3. A copy of a deed from Jarius
Strong to the defendant, dated April 20th, 1848, of the same land
deeded by Sawyer to Strong. 4. A deed from H. B. Lane, collec-
tor, to the plaintiff, dated November 4th, 1850, of a part of said
lot No. 125, being the same described in the plaintiff's declaration.
The plaintiff also, to support said collector's deed, offered the grand
list of the town of Newport for the year 1848, showing a list against
said Jarius Strong of 60 cents. Also the record of the proceed-
ings of the annual March meeting in said town, holden March 7,
1849, and the votes at said meeting, in relation to raising taxes.

Also an act of the Legislature, laying a tax on the County of
Orleans; and the acts to raise State and State school taxes, all
passed in the year 1848. Also a rate bill and warrant for town
tax in Newport, in 1849, showing a town tax of 22 cents against
said Jarius Strong. Also rate bills and warrants for State and
State school of 7 cents each, and county tax of 2 cents against
said Strong. Also a copy of records of the lands upon which the
taxes were unpaid, certified by the collector, and left in the town
clerk's office and recorded; copy of record of collector's advertise-
ment, dated August 28th, 1849, and certificate of the town clerk,
of the publication thereof in the "Yeoman's Record," a newspa-
per published in said county, at Irasburgh. The record of the col-
lector's proceeding of sale, and list of lands sold October 4th, 1849,
showing the lands sued for in this action to have been sold to the
plaintiff. Also a list of the lands unredeemed from said sale. All
the above papers and documents were objected to by the defend-
ant, but the court admitted the same.

The plaintiff then offered H. B. Lane, the constable; the defendant objected on the ground of interest; the court overruled the objection and admitted the witness, to which the defendant excepted. The said Lane testified, that in addition to the above named town, State, State school and county taxes, held by him against the said Strong, he had also a highway tax bill, which was included in the amount for which said land was sold; that he had made search for the same, but could not find it among his papers; that he could not say from whom he received the same, nor what year the tax was raised, nor by whom the rate bill was signed; that the same was in his hands on the 28th day of August, when he made the advertisement; but whether it was returned to him by the first day of August, he could not say. Said Lane also testified, that he was assisted by the town clerk of Newport, in making out the list of lands and the amount of taxes due thereon. Also, that at the time he advertised said lands for sale, he did not know that defendant owned the land sued for, but that he did know it at the time of the sale. To the testimony of said Lane as above detailed, the defendant objected, but the court admitted it, to which defendant excepted.

It also appeared on trial, that the piece of land was improved land, and that the same was carried on and occupied by the said Jarius Strong, up to the time he sold the same to the defendant, the 20th day of April, 1848, when the said Strong removed from the State, and the defendant immediately went into the occupancy of the same, and had since openly possessed and improved the same; and the plaintiff, as early as June, 1848, knew that defendant had purchased said land of Strong, and was in possession. It was also admitted, that the constable did not put up any notice in the town, of the delinquent lands to be sold.

The County Court, December Term, 1852,—POLAND, J., presiding,—upon the foregoing evidence, instructed the jury that the plaintiff was not entitled to recover, and the jury returned a verdict for defendant.

Exception by plaintiff.

*J. Cooper* for plaintiff.

Is the neglect of the constable to advertise, by posting up a notice of the sale in the town where the land was situated, such a defect in the proceedings, that it will vitiate the whole?

There are no direct decisions upon this point, it is believed.

The object of the advertisement required, is to give notice to persons interested; and when we are fully satisfied that neither the defendant, Strong, or the agent, if he had one, could be affected beneficially by such notice, it would seem to be useless to require notice to be posted up, as far as defendant is concerned.

The question differs from those ordinarily arising on vendue sales on special taxes, because here the defendant, or Strong, was the man to be affected by the advertisement. The 27th section of chap. 81, of the Comp. Statutes, dispenses with this requirement, and only makes it necessary to advertise in a newspaper.

W. M. Dickerman and N. Boardman for defendant.

To recover in this action, the plaintiff must show that everything required by the statute has been done, whether before or after the collector's sale, and done in strict compliance with the requirements of the statute. Judevine et al. v. Jackson et al., 18 Vt. 470. Langdon v. Poor, 20 Vt. 15.

1. The bill of exceptions shows no town meeting, no taxes raised in the town of Newport, previous to March 7, 1849. It also appears that the collector, H. B. Lane, had in his hands one or more highway tax bills, which highway tax was included in the amount for which said land was sold.

But before the first constable could legally sell the lands of a non-resident, for the payment of a highway tax, or include such tax in the amount for which said lands were sold, the highway tax must have remained in the hands of the highway collector for the space of six months previous to the 15th day of August, and at that time remained unpaid. Comp. Stat. p. 466, sec. 22.

It is then apparent, that the plaintiff has shown no vote of the town of Newport, no taxes raised, no tax bill or warrant issued early enough to have rendered it possible for the tax bill to have remained in the highway collector's hands, the time required by statute.

But the plaintiff's proof must show affirmatively, that the requirements of this 22d section of the statute have been complied with. The bill of exceptions shows, that the plaintiff offered no proof from whom the first constable received the highway tax bill, nor what year the tax was raised, or that it was raised at all, nor

by whom it was signed, or whether signed by any one, nor wheth-
er it was delivered to him on or before the 15th day of August,
all which the plaintiff must show; otherwise it was the duty of the
county court, as they did, to instruct the jury that the defendant
was entitled to a verdict.

2. Must not the plaintiff be confined to the record? " Purchas-
" ers and land owners are to look to the records, to ascertain wheth-
" er a vendue is correct and valid, and whether it is necessary for
" the owner to redeem. The records must contain full and plenary
" evidence in this particular." *Judevine et al.* v. *Jackson et al.,* 18
Vt. 472.

3. We submit, that the advertising of this land was not in con-
formity to the provisions of section 25, of the statute. That section
requires the name of the owner of the land, at the time of advertis-
ing, to be inserted in the advertisement, if known.

The deed from Strong to defendant, of the land in question, was
recorded in the town clerk's office of Newport, June 21, 1848,
more than 14 months previous to the date of the advertisement.
Comp. Stat. p. 466, sec. 25.

The opinion of the court was delivered by

REDFIELD, Ch. J. The proof in this case, to make out the
amount of tax for which the land was sold, viz. 72 cents, seems to
us altogether incompetent beyond the amount of 38 cents, which
is shown by the tax bills and warrants put into the case. The re-
mainder of the tax, being 34 cents, is attempted to be proved by
the testimony of the collector. He says it was, or probably was,
or might have been, made up by the highway tax of that year,
which it appears was doubled, and would thus be 30 cents, all
amounting to 21 or 22 cents upon this delinquent list. And the
balance, it is suggested, might have arisen from $200, which was
required by the vote of the town to be raised, in addition to dou-
bling the highway tax.

In the first place, this kind of evidence is quite too loose and in-
definite to be submitted to a jury, from which to conjecture that
such a tax *might* have existed, and that if it did, it *might* have
been legal. The title to real estate cannot be thus divested upon
mere conjecture, and it is nothing more. The collector should be
required to show that a legal tax, to the full amount for which he

sold, did exist, which by law he could enforce in the manner attempted.

But the case shows affirmatively, that this highway tax could not have been in such a state, as to justify its enforcement, at that time. It was voted in the March preceding, and by consequence, the rate bill could not have been in the lands of the highway surveyor six months previous to the 15th day of August of that year, which is expressly required before the highway surveyor can deliver over the rate bill to the constable for collection. And we *think this* time is given to the non-resident proprietors of land, to enable them to pay their taxes, and save the sale of their lands, and cost, consequent. And we conclude, therefore, that the collector has no power to sell the land, or make costs, until this time has expired.

II. It is perhaps not needful to go farther. But it seems to us that the thirty-second section of the act is evidently not complied with, so far as appears in this case. By that section, the constable is required to make out a true list of the lands so sold, designating certain particulars, " and leave the same for record, in the " office of the town clerk, &c., within thirty days from the day of " sale, and said town clerk shall record the same within ten days " thereafter."

Now there is nothing in this case to show when this paper was left, or that it was ever recorded, but the contrary is fairly inferrible from the town clerk's certificate upon the paper, " that it is a " true copy of the list of lands sold," not record of such list. It is scarcely probable, that if the record showed the time of the paper being lodged, and that it was in fact recorded at length, as the statute seems to require, there should have been so important omissions. And that this portion of the statute should be strictly complied with, in order to perfect the title under the sale, from the course of decisions on this subject, there can be no doubt.

The other objections to the proceedings seem to be equally well taken, and the defects, many of them, are no doubt fatal; but we have not examined them, and do not decide them.

Judgment affirmed.